## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

-v-

Case No. 6:12-cv-819-ORL-22-DAB

FIRST PREMIER BANK,

    Defendant.

## VERIFIED COMPLAINT

    Plaintiff, Larry Rumbough, hereby sues Defendant, FIRST PREMIER BANK; and alleges:

### PRELIMINARY STATEMENT

    1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; and for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) *et seq.*

### JURISDICTION AND VENUE

    2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and Fla. Stat. §559.77.

    3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

    4. This is an action for damages which does not exceed $75,000.00.

    5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

    6. Defendant, FIRST PREMIER BANK ("First Premier"), is a Delaware corporation, not authorized to do business in Florida.

    7. All conditions precedent to the bringing of this action have been performed, waived or excused.

### FACTUAL ALLEGATIONS

8. Plaintiff sent dispute letters to Experian regarding inaccuracies on his credit report reported by First Premier on October 5, 2007, January 10, 2008, March 20, 2008, May 10, 2008, June 27, 2008, and August 12, 2008. The details of Plaintiff's disputes are outlined in those letters.

9. Plaintiff sent dispute letters to Trans Union regarding inaccuracies on his credit report reported by First Premier on October 5, 2007, January 10, 2008, March 20, 2008, May 10, 2008, June 27, 2008, and August 12, 2008. The details of Plaintiff's disputes are outlined in those letters.

10. Plaintiff sent dispute letters to Innovis regarding inaccuracies on his credit report reported by First Premier reported by First Premier on January 10, 2008, March 20, 2008, May 10, 2008, June 27, 2008, August 12, 2008, and September 26, 2008. The details of Plaintiff's disputes are outlined in those letters.

11. First Premier has reported false information about Plaintiff to credit reporting agencies, including Equifax, Experian, Trans Union, and Innovis, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

12. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

13. First Premier did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

14. First Premier has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account is in dispute.

15. On or about August 25, 2008, First Premier sent Plaintiff a letter attempting to collect on a nonexistent alleged debt.

16. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

## COUNT I
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### BY DEFENDANT FIRST PREMIER

17. Paragraphs 1 through 16 are realleged as though fully set forth herein.

18. Plaintiff is a consumer within the meaning of §1681a(c).

19. First Premier is a furnisher of information within the meaning of §1681s-2.

20. §1681s-2 provides:
"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section §1681i;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

21. §1681s-2 provides:
"If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

22. First Premier violated the FCRA. Defendant's violations include, but are not limited to, the following:
   (a) First Premier violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against First Premier for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT FIRST PREMIER

23. Paragraphs 1 through 16 are realleged as though fully set forth herein.

24. Plaintiff is a consumer within the meaning of §559.55(2).

25. First Premier is a debt collector within the meaning of §559.55(6).

26. First Premier violated the FCCPA. Defendant's violations include, but are not limited to, the following:
   (a) First Premier violated §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.
   (b) First Premier violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.
   (c) First Premier violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against First Premier for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## VERIFICATION

All the above statements are true to the best of my knowledge. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Dated: May 29, 2012

Respectfully submitted,

*[signature: Larry Rumbough]*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 29th day of May, 2012 by U.S. Mail delivery to:

Charles Denny
Dickinson & Gibbons, PA
Suite 300
401 N. Cattlemen Road
Sarasota, FL 34232


*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

UNITED STATES DISTRICT COURT

RECEIVED
2012 MAY 29  PM 4: 52

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LARRY RUMBOUGH
    PLAINTIFF

V

FIRST PREMIER BANK

VERIFIED COMPLAINT

*Larry Rumbough* (signature)